CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 01, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Brandon M. Holdaway, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00168 |
| Southwest Virginia Regional Jail *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brandon M. Holdaway, an incarcerated individual proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, initially seeking to hold two jails responsible for taking away recreation time, serving an uncooked breakfast, and providing an insufficient amount of phones for the number of inmates to use during the limited time permitted for phone calls. (Dkt. 1.) Because the court could not grant relief on the complaint as originally filed because of a variety of deficiencies, the court gave Holdaway an opportunity to file an amended complaint by order dated April 10, 2025. (Dkt. 10.) Holdaway did submit an amended complaint on April 21, 2025. (Dkt. 11.)

Holdaway previously filed the documents needed to support his application to proceed *in forma pauperis*. (Dkts. 6, 7, 9.) While the court finds that Holdaway qualifies to proceed without prepayment of fees or costs, it also finds that the amended complaint fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma*

*pauperis* application but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I.     Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* submissions liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), any complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear

defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II.     Analysis

Holdaway's original complaint was subject to dismissal because it did not identify any constitutional provision or federal law allegedly violated, it named jails (which are not considered persons under 42 U.S.C. § 1983) as the only named Defendants, and it did not identify the actions or any inactions of any person with specificity. The court's Order specifically advised Holdaway of these issues and gave him an opportunity to rectify them by filing an amended complaint. (Dkt. 10.)

Nonetheless, Holdaway's amended complaint also fails to state a claim upon which relief could be granted pursuant to § 1983. The amended complaint dropped the prior issues related by Holdaway and stated a new issue: "won't give me my prescription meds" and "still won't give me my meds and will give it to others." (Dkt. 11 at 2.) This is the entirety of the amended complaint's factual allegations. Holdaway did name two new individuals as Defendants, but he did not include any facts indicating what action or inaction of these individuals could result in their liability. As explained to Holdaway previously, a viable § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). The "facts" alleged in the amended complaint are too sparse and conclusory to support any plausible claim of entitlement to relief under a theory that the named individuals were deliberately indifferent to any serious medical need.

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** this action **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Holdaway.

**ENTERED** this 30th day of April 2025.

*/s/ Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE